Andre B. YOUNG, Plaintiff—Appellant,

v.

Lyle QUASIM, Secretary, WA Dept of Social and Health Services, Defendant,

and

Tom Rolfs, Secretary, Dept of Corrections; Norm Maleng, King County Prosecutor; William Dehmer, Superintendent, SCC; Marilyn Britsch, FT–

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

2, Forensic Therapist; Gianna Fleming, FT–2, Forensic Therapist; Regina Harrington, Ph.D. Special Commitment Center Psychologist; Norman Nelson, FT–2; Brenda Nelson, RRC–3; David Weston, Former Superintendent Special Commitment Center Monroe; Jack Sowers, Forensic Therapist 3, FT–3, Unit manager, Special Commitment Center; John F. Anderson–Taylor, FT–2; Al Niero, FT–2, now FT–3; Kim Van Doren, FT–2; John Henderson, PSA, now RRC–3; Steve Wahl, PSA, now FT–2; John Linnard, PSA, now RRC; Patricia Hudson, PSA, now RRC–2; King County; Dennis Braddock, Secretary, Department of DSHS, Defendants—Appellees.

No. 02–35730.
D.C. No. CV–96–00936–RSL.

United States Court of Appeals,
Ninth Circuit.

Submitted June 2, 2003.*

Decided July 17, 2003.

Before B. FLETCHER, BRUNETTI, and MCKEOWN, Circuit Judges.

MEMORANDUM**

Petitioner Andre Young seeks damages pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Young challenges the validity of the mental health information used to obtain his civil commitment order. Because the challenged information is the basis for his confinement, Young's claim is barred by the Supreme Court's decision in *Heck v. Hum-*

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*phrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Young cannot collaterally attack the constitutionality of his confinement by filing a § 1983 claim without proving that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. To the extent that Young may have a colorable claim regarding defendants' reliance on allegedly erroneous information indicating that plaintiff continues to fit the statutory definition of a sexually violent predator, we affirm the grant of summary judgment because Young did not set forth sufficient facts indicating the existence of a genuine issue for trial. *See* Fed.R.Civ.P. 56(e).

Therefore, the district court is affirmed.

AFFIRMED.